UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RALPH TANCREDI,

                        Plaintiff,

-against-

DAVID HALL, individually, VINCENT
MUSSOLINO, individually, EDWARD
LUCAS, individually, RICHARD "DOE"
and LAWRENCE "DOE",

                        Defendants.

------------------------------------------------------------x

**ORIGINAL**
**07 CIV. 7485**

07 Civ. ( )

COMPLAINT

**Jury Trial Demanded**

Plaintiff RALPH TANCREDI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in by Defendants while acting in concert, in accordance with a jointly agreed upon plan, under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff RALPH TANCREDI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was a sworn, subordinate member of the Town/Village (hereinafter "Town") of Harrison, New York, Police Department and the duly elected President of its Police Benevolent Association. In 2007 Plaintiff, as one of several victims of a series of felonies committed in Police Headquarters by the Chief of Police of that Department (David Hall), commenced (along with other members of that Department) a federal civil rights action [DeVittorio v. Hall, 07 Civ. 0812 (WCC)] against him for violations of his rights as guaranteed by the First, Fourth and Fourteenth Amendments.

4. Defendant DAVID HALL (hereinafter "Hall"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Chief of Police of the Town.

5. Defendants VINCENT MUSSOLINO (hereinafter "Mussolino") and EDWARD LUCAS (hereinafter "Lucas"), both of whom are sued in their individual and personal capacities only, at all times relevant to this complaint were employed as Sergeants in the Town's Police Department. Defendants RICHARD "DOE" and LAWRENCE "DOE" are sworn members of the Department who, it is believed, acted in concert with Hall, Lucas and Mussolino. Once these presently anonymous members of the Department are identified, Plaintiff will request leave of the Court to amend the complaint include their actual names.

## THE FACTS

6. In June of 2006 while on duty Town Police Officer Robert Carlucci (hereinafter "Carlucci"), without authority and/or legal justification, unlawfully entered the home of a civilian (Carlos Carillo) struck Carillo on his shoulder once with a metal police baton, and, while Carillo lay prone and face down on a couch, attempted to strike him on the head with the intent to cause him serious physical injury. Subsequently Carlucci confided in at least one other sworn member of the Department that he wished that he had shot Carillo.

7. By reason of Carlucci's complete lack of training in the use of that baton, which he was not authorized to carry and/or use as a member of the Department, instead of striking Carillo's head Carlucci struck and seriously damaged a window sill. He thereafter falsified police reports regarding the incident. Hall, informed in detail regarding the incident agreed to a cover-up and consequently did not take remedial action - - either by administrative disciplinary action or arrest of Carlucci.

8. In June of 2007 Officer Carlucci deliberately engaged in two acts of criminal wrong doing by: i) shoving his brother-in-law (Anthony Petrozza) in Petrozza's home situated at 25 Orchard Street in the Town; and intentionally punching and breaking a window in the front door to the Petrozza residence. Hall, again informed in detail regarding the incident, similarly agreed to a cover-up and did not take any remedial action

9. On August 8, 2007, Plaintiff, while on suspension from duty by reason of a frivolous First Amendment retaliatory disciplinary proceeding commenced against him

by Hall, and while standing on a sidewalk in front of Annie's Café in the Town, was subjected to unwanted physical contact by one Joshua D. Clark who placed his hand on Plaintiff's chest. Clark then walked across the street, removed a sawed-off baseball bat from a Black Jeep, raised it up while holding with both hands and warned Plaintiff that if he (Plaintiff) did not leave the scene within two seconds he (Clark) intended to split Plaintiff's head open with the bat.

10. At Plaintiff's request the owner of the Café telephoned the Department and reported Clark's threatening behavior. As a result Mussolino, Lucas, and a number of other officers (who witnessed Clark holding the bat above his head) seized the bat and ordered Plaintiff and Clark to Police Headquarters.

11. At Hall's direction Mussolino then ordered Plaintiff into a room at Headquarters where, under a constant police guard, he was involuntarily imprisoned for hours. At all times during that imprisonment Plaintiff was conscious, he did not consent to same, there was no cause much less probable cause for his detention, and that imprisonment was not otherwise authorized or privileged.

12. Following that imprisonment Lucas, acting in concert with Mussolino and at the direction of Hall:

> i) Coerced Clark's making/filing a materially false accusation that he had been harassed by Plaintiff,
>
> ii) Induced Clark to seek, albeit under false pretenses, an order of protection against Plaintiff, and as a reward,
>
> iii) Permitted Clark to leave Headquarters without any criminal charges despite his having shoved Plaintiff and threatened Plaintiff with a bat.

13. After Clark's release, Mussolino, acting in concert with Lucas and at the direction of Hall arrested Plaintiff, falsely charging him with Harassment as a violation.

14. Defendants' disparate treatment of Plaintiff as contrasted with Carlucci, their false imprisonment of Plaintiff, their coercion of Clark, and their false arrest and selective prosecution of Plaintiff were entirely and/or in substantial respect motivated by a desire to retaliate against him for: commencing <u>DeVittorio v. Hall</u>, *supra*; for non-disruptively expressing his belief and concerns that Hall engaged in felonious conduct as set forth in <u>DeVittorio</u>; for non-disruptively expressing his concerns that Hall had altered/forged a check that had been made payable to the PBA so as to facilitate a different police association (to which Hall belonged) to deposit the check and unlawfully appropriate moneys that were never intended for that association; and because as President of the PBA Plaintiff actively challenged Hall's illegal conduct on behalf of the PBA membership.

15. As a proximate result of Defendants' conduct Plaintiff has been: deprived of his liberty, caused to suffer an unreasonable seizure, denied Equal Protection as compared to Carlucci, publicly humiliated, publicly embarrassed, rendered anxious, caused emotional upset, caused to suffer shame, and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

17. Under the premises Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A SECOND CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

19. Under the premises Defendants violated Plaintiff's rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15".

21. Under the premises Defendants violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding against both Defendants such punitive damages as the jury may impose,

    b. Awarding against both Defendants such compensatory damages as the jury may determine,

    c. Awarding against both Defendants reasonable attorney's fees and costs, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       August 23, 2007

                                        LOVETT & GOULD, LLP
                                        By: _____
                                        Jonathan Lovett (4854)
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401