# EXHIBIT "1"

NAME OF
OFFICER _P.O. RALPH TANCREDI_    DATE OF INCIDENT _9-4 2005_

TIME OF INCIDENT _0600 HRS_    (AM) PM    VIOLATION _SEE ATTACHED_

INVESTIGATING OFFICER _SGT. DANNY GRANT_

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIEFLY OUTLINE NATURE OF OFFENSE

_SEE ATTACHED_

INVESTIGATING OFFICER RECOMMENDATION

_SEE ATTACHED_

INVESTIGATING OFFICER _Danny Grant_

DATE _9-28-05_    TIME _1700 HRS_

# Administrative Report

## TO CAPTAIN MARRACCINI

09/04/2005

### confidential

case # 05-8305

On 09/04/2005 at approximately 0900 hrs. I responded to the Harrison Fire Dept. on a report of a boyfriend/girlfriend dispute. I was advised via telephone by fire Dept. personnel that the girl reporting the dispute is Ms. Sofia Saenz. Ms. Saenz is known to this officer, and has been the girlfriend of officer Ralph Tancredi for approximately one year.

Upon my arrival at H.F.D. I observed Ms. Saenz to be very upset and she had an odor of an alcoholic beverage on her breath. I asked if she was hurt or needed any medical attention, she advised she did not require any medical attention and was not injured.

I asked Ms. Saenz why she was so upset and she advised that she went to N.Y.C. with a girlfriend last night and had three drinks, upon returning home (at approximately 0600hrs.) After dropping her girlfriend off on Lakeview Ave. she was stopped in the area of Grant St. and Woodside Ave. by off duty Officer Tancredi. Ms. Saenz stated Officer Tancredi punched her windshield causing it to fracture then reached into her vehicle grabbing her by the hair. Ms. Saenz's vehicle was still in motion, when she had to stop because Officer Tancredi was hanging onto the driver's side window. Officer Tancredi then contacted headquarters requesting a patrol vehicle to respond to the scene. Shortly after the request Officer McGowan arrived on scene and Ms. Saenz was placed into the rear seat of the marked patrol vehicle. Ms. Saenz states that while in the rear seat she was being yelled at by Officer Tancredi. Officer McGowan then drove her to West Harrison Park parking lot and Officer Tancredi drove her vehicle. Officer Tancredi parked her vehicle and entered the front passenger seat of the patrol car. Officer McGowan then drove both parties to Ms. Saenz residence at 150 Woodside Ave. in West Harrison where Officer Tancredi confronted Ms. Saenz's mother. Ms. Saenz does not know what the conversation consisted of, but her mother became so irate at her that Ms. Saenz did not want to go home. Ms. Saenz was then driven to the Lake Street parking lot in West Harrison where Officer Tancredi had his personal vehicle parked. Ms. Saenz was let out of the patrol vehicle where she was asked by Officer Tancredi to come with him to his apartment to work things out. Ms. Saenz stated she agreed because she was scared and left with Officer Tancredi. During the ride they continued to argue and when they arrived at 177 Harrison Ave. in front of Officer Tancredi's apartment, they exited the vehicle where the argument took place in the front yard. During the argument outside a Hilda Horvath observed Ms. Saenz to be very upset and asked her if she wanted to come with her. Ms. Saenz then walked away with Mrs. Horvath. They proceeded to walk to the firehouse where the police were called.

Sergeant Danny Grant

# Administrative Report

## TO CAPTAIN MARRACCINI

09/04/2005

confidential

case # 05-8305

    After speaking to Ms. Saenz at the firehouse I transported her to police headquarters for further investigation. At police headquarters Ms. Saenz completed a deposition and advised this officer that she is not completely clear about the incidents she spoke to me about in the fire house and does not wish to discuss it any further, but requested a ride to her residence. I transported Ms. Saenz to 150 Woodside Ave. in west Harrison without incident.

    See deposition completed by Hilda Horvath and administrative reports completed by Officer Tancredi And Officer McGowan.

Sergeant Danny Grant

DEPOSITION OF WITNESS
TO ACCOMPANY COMPLAINT OR INFORMATION
SEC. 100.20 CPL

NOTICE : FALSE STATEMENTS MADE HERIN ARE PUNISHABLE AS A CLASS A MISDEMENAOR
PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

STATE OF NEW YORK, COUNTY OF WESTCHESTER, TOWN/VILLAGE OF HARRISON
SS.

Sofia Saenz        09/21/81        , STATES AS FOLLOWS
(DEPONENT PRINT NAME AND DATE OF BIRTH)

This morning at about 6:00 o'clock am
I was coming home from the city with
a girlfried. After dropping her off, I was
going home and that's when I found
my boyfriend PO Ralph Tancredi waiting
for me. We had an argument in the
middle of the street. He asked to go home
with him so I did cause I saw him a
little violent. At his house, outside, we were
arguing aspin, and that's when a lady
went by an saw us. She took me to
the fire house and after that they called
the police station. I told Sgt. Grant
the whole story and I wish not to
talk about it anymore because I am not
completely clear about what happen

SWORN TO BEFORE ME THIS _____
DAY OF _____ 20____

_____
SIGNATURE

_____
TITLE

_____
SIGNATURE

ADDRESS: 150 Woodside Ave
(STREET OR RURAL ROUTE)

10604
(POST OFFICE, STATE, ZIP CODE)

Home: 914 946 9__    Work:
(TELEPHONE)

**NOTE : THIS FORM NEED BE SWORN ONLY IF COURT SPECIFICALLY REQUIRES OATH.

NOTICE : FALSE STATEMENTS MADE HERIN ARE PUNISHABLE AS A CLASS A MISDEMENAOR PURSUANT TO SECTION 210,45 OF THE PENAL LAW.

STATE OF NEW YORK, COUNTY OF WESTCHESTER, TOWN/VILLAGE OF HARRISON
SS.

HILDA HORVATH        9/3/34        , STATES AS FOLLOWS
(DEPONENT PRINT NAME AND DATE OF BIRTH)

I WAS WALKING ON HARRISON AVE ACCROSS FROM THE PRESBYTARIAN CHURCH WHEN I SAW A YOUNG MAN BEHIND THE HEDGES YELLING AT SOMEONE. THE YOUNG GIRL GOT UP AND I CROSSED THE STREET TO ASK WHAT WAS GOING. THE MAN SAID I SHOULD MIND MY OWN BUSINESS AS HE WAS HER BOYFRIEND AND A POLICEMAN. I ASKED TO SEE HIS BADGE. HE SHOWED NONE. CONTINUED TO YELL AT THE GIRL AND SHE WAS CRYING HYSTERICALLY. I ASKED IF SHE WANTED TO COME WITH ME. SHE SAID YES. I TOOK HER TO THE FIREHOUSE. SHE SAID SHE WAS AFRAID OF RALPH AND THAT HE WAS HER BOYFRIEND FOR OVER ONE YEAR.

SWORN TO BEFORE ME THIS _____
DAY OF _____ 20 ___

_____
SIGNATURE

_____
TITLE

SIGNATURE  Hilda Horvath

ADDRESS:  1510  ROSE  LN,
(STREET OR RURAL ROUTE)

MAMARONECK
(POST OFFICE, STATE, ZIP CODE)

Home:  698 ~ ____ 5618
(TELEPHONE)

**NOTE : THIS FORM NEED BE SWORN ONLY IF COURT SPECIFICALLY REQUIRES OATH.

HARRISON POLICE DEPT

Report to .......... SGT    GRANT ..........
     (Rank)     (Full Name)     Date.. 09-05-05

From .......... PO .......... MCGOWAN ..........
     (Rank)     (Full Name)     Time.... 0100

Subject ..........

## REPORT

ON 09-04-05 AT APPROX 0630 HRS I WAS DISPATCHED TO
PARK/MADISON TO SEE THE PERSON AT THAT LOCATION. UPON
ARRIVAL I FOUND PO TANCREDI ARGUING WITH SOFIA BY
HER VEHICLE. WHEN I APPROACHED THEM TANCREDI SAID
SHE ALMOST HIT HIM WITH HER VEHICLE. SOFIA APPEARED
TO BE INTOXICATED AND TANCREDI WAS UPSET THAT SHE
HAD BEEN DRIVING. TANCREDI THEN PUT SOFIA INTO MY
POLICE VEHICLE. HE THEN TOLD ME TO FOLLOW HIM DOWN
TO THE PARKING LOT TO DROP OFF HER VEHICLE. AFTER
WHICH TANCREDI GOT INTO THE POLICE CAR AND WE
DROVE SOFIA HOME. AT SOFIA'S HOUSE TANCREDI SPOKE
WITH HER MOTHER. I DON'T KNOW WHAT WAS SAID
BECAUSE THEY WERE SPEAKING IN SPANISH. AT THIS POINT
SOFIA WAS VERY UPSET SHE WAS KICKING AND SREAMING
WHILE IN THE POLICE CAR SAY SHE DIDN'T WANT TO BE
DROPPED OFF WITH HER MOTHER. SOFIA AND HER MOTHER
THEN SPOKE TO ONE ANOTHER IN SPANISH. SOFIA WAS
STILL VERY UPSET AND STILL DIDN'T WANT TO BE DROPPED
OF AT HOME. SO TANCREDI SAID TO TAKE THEM DOWN TO
HIS CAR WHICH WAS NEAR THE BANK OF NY ON LAKE ST
AND HE WOULD TAKE HER HOME LATER. I THEN DROVE TO
THE BANK OF NY AND LET THEM OUT OF MY VEHICLE. THEN I LEFT.

**(ALL NAMES AND ADDRESSES MUST BE PRINTED AND REPORTS MADE IN BLACK INK)**
**(ENDORSE REPORTS ON REVERSE SIDE)**

## HARRISON POLICE DEPT

Report to ___SGT GRANT___

(Rank)          (Full Name)          Date __09·05·05__

From __PO RALPH TANCREDI__

(Rank)          (Full Name)          Time __1200__

Subject ................................................

---

## REPORT

ON 09·04·05 AT APPROXIMATELY 0600 Hours, I DROVE BY MY GIRLFRIEND'S (SOFIA SAENZ) HOUSE AT # 150 WOODSIDE AVE TO SEE IF SHE HAD RETURNED HOME BECAUSE I WAS CONCERNED SHE WAS NOT HOME YET FROM A NIGHT OUT WITH HER GIRLFRIEND (KATRINA). HER CAR WAS NOT THERE AND I DECIDED TO GO HOME. WHILE DRIVING DOWN WOODSIDE AVE AT MADISON ST, SOFIA WAS COMING THE OPPOSITE WAY. I GOT OUT OF MY CAR TO TALK TO HER AND SHE QUICKLY BACKED UP AND BEGAN TO DRIVE DOWN MADISON ST AT WHICH TIME I WAS IN FRONT OF HER CAR. SHE ACCELERATED AND I ENDED UP ROLLING ONTO THE HOOD AND THEN CLINGING ONTO THE DRIVERS SIDE UNTIL SHE FINALLY STOPPED. WHILE THIS WAS HAPPENING, MY ELBOW HIT AND CRACKED THE WINDSHIELD. AT THIS POINT I WAS UNABLE TO DETERMINE IF SHE WAS CАРАBLE TO OPERATE A VEHICLE SO I CALLED H.Q. AND ASKED FOR A SECTOR CAR TO RESPND AND ASSIST ME IN GETTING HER HOME. PO McGOWAN RESPONDED AND I PUT HER INTO HIS CAR AND I DROVE HER CAR TO THE LAKE ST LOT. I THEN GOT INTO THE

**(ALL NAMES AND ADDRESSES MUST BE PRINTED AND REPORTS MADE IN BLACK INK)**
**(ENDORSE REPORTS ON REVERSE SIDE)**

PATROL CAR TO DRIVE HER HOME, AND WE WERE ARGUING ABOUT HER BEING OUT SO LATE. AT HER HOUSE SHE REFUSED TO GO INTO HER HOUSE, BECAUSE HER MOTHER WAS GOING TO YELL AT HER AND I CONVINCED HER TO GO HOME WITH ME. PO MCGOWAN TOOK US BACK TO LAKE ST WHERE MY CAR WAS PARKED AND DROPPED BOTH OF US OFF AND LEFT. SHE CONTINUED TO ARGUE WITH ME AND WANTED TO WALK AWAY ON HER OWN BUT I WAS STILL CONCERNED OVER HER MENTAL STATE. I AGAIN CONVINCED HER TO GO WITH ME AND SHE GOT INTO MY CAR AND WE DROVE DOWN TO PARK AVE / HARRISON AVE. WHEN WE GOT OUT OF MY CAR, WE WERE STILL ARGUING AND A WOMAN WALKING BY ASKED HER IF SHE WAS O.K. SOFIA SAID "YES HE IS MY BOYFRIEND BUT THE WOMAN INSISTED THAT SHE LEAVE WITH HER AND THEY BOTH WALKED AWAY ON HARRISON AVE. I WENT INSIDE AND TO BED.

ENDORSEMENTS:                                                    DATE/TIME

Date and Time turned in                              Report signed by

# EXHIBIT "2"

HARRISON POLICE DEPARTMENT
TOWN OF HARRISON: STATE OF NEW YORK
--------------------------------------------------------------X

In Re: Intradepartmental Disciplinary Proceedings

-against-

POLICE OFFICER RALPH TANCREDI
--------------------------------------------------------------X

## STIPULATION OF SETTLEMENT

**WHEREAS,** the Chief of Police of the Town of Harrison

intends to file disciplinary charges against Police Officer Ralph Tancredi

(hereinafter "Tancredi"), a Police Officer employed by the Town

of Harrison Point Police Department (hereinafter the "Department"), for

his alleged conduct which took place on 9/4/05 ; and

    **WHEREAS,** the parties had numerous discussion as to settlement

which is acceptable to both parties; and

    **WHEREAS,** both Tancredi and the Department are desirous of

resolving this matter short of litigation

    **NOW THEREFORE, BE IT STIPULATED AND**

**AGREED,** by and between the parties as follows:

1.    Tancredi hereby agrees to forfeit twenty (20) vacation days

    from his accruals, upon execution of this agreement.

2.    The Town agrees that no charges shall be filed against

    Tancredi as a result of his conduct of September 4, 2005.

*[Handwritten annotation:]*
3 DIFF. DAYS 2005
2 PERSONAL 2005
5 VACATION 2005
5 VACATION 2006
5 PAID HOLIDAYS 20.

3.    Tancredi understands and acknowledges that, but for the
      mutual exchange of promise contained in this agreement,
      that it is possible that he could have suffered more serious
      penalty including, but not limited to, termination if this matter
      had been litigated to the fullest extent.

4.    Tancredi confirms that he has had access to counsel in reaching
      this agreement, and has consulted with counsel regarding the
      terms and ramifications of the agreement and has entered into
      this agreement including the waiver of rights contained herein with
      such advice and consent.

5.    This agreement contains all the terms and conditions agreed upon
      by the parties hereto and no other agreement, oral or otherwise,
      regarding the subject matter of this agreements, shall be deemed
      to exist or to bind any of the parties hereto or to vary any of the
      terms contained herein.

DATED:      October 27, 2005


Anthony Marraccini                          Police Officer
Acting Chief of Police                      Ralph Tancredi

HARRISON POLICE DEPARTMENT
REPORT OF DISCIPLINARY ACTION

NAME OF
OFFICER Tancredi,Ralph                          DATE OF REPORT 09/28/2005

DATE OF INCIDENT 09/04/2005          VIOLATION RRP ART. 1SEC.12/

ART.1 SEC.13/ ART.2 SEC.04/ ART.3 SEC.01.10/ ART 3.SEC.01.44/

ART.3 SEC. 01.57

INVESTIGATING OFFICER SERGEANT DANNY GRANT
■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ▼ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■

PROPOSED DISCIPLINARY CHARGES

- In re RRP ART.1 SEC.12

Officer Tancredi did not act with professional adherence to department rules and regulations by engaging in a dispute with another person, failing to notify a supervisor regarding an incident of police nature and failing to conduct himself in a professional manner while on or off duty.

- In re RRP ART.1 SEC.13:

Officer Tancredi did not conform to department rules and regulations by failing to report an incident of a police nature to a supervisor and failing to maintain a level of professional conduct while on or off duty.

- In re RRP ART.2 SEC.04:

Officer Tancredi engaged in a dispute with another party on a public street while off duty. While that person was secured in the rear seat of a police vehicle Officer Tancredi subjected that person to verbal abuse. These actions if witnessed by another would bring discredit to the officer, the police department and the Town of Harrison.

- In re RRP ART.3 SEC.01 SUB.10:

Officer Tancredi failed to maintain a level of professional conduct while off duty by engaging in a dispute with another person on a public street and placing that other party in such fear that they agreed to actions that they would not agree to if not placed in such fear (traveling in the officers personal vehicle).

- In re RRP ART.3 SEC.01 SUB.44:

Officer Tancredi failed to report an incident of a police nature to a supervisor. At the time of the incident a supervisor but that supervisor received no information regarding the incident.

- In re RRP ART.3 SEC.01 SUB.57:

Officer Tancredi failed to obey section 1.12, 1.13, 2.04, 3.01.10 and 3.01.44 of the Harrison Police Departments rules, regulations and policies.


ACKNOWLEDGE RECEIPT

10·21·05
Dated                                    x _____ TANCREDI SD/05
                                         P.O. RALPH TANCREDI

10·21·05
Dated                                    x _____
                                         CAPT. ANTHONY MARRACCINI,
                                         ACTING CHIEF of POLICE

2

# EXHIBIT "3"

TOWN COURT                    :    HARRISON, N.Y.
COUNTY OF WESTCHESTER:           STATE OF NEW YORK
------------------------------------------------------------------------------X

<u>Misdemeanor Complaint</u>

THE PEOPLE OF THE STATE OF NEW YORK
            -against-

Ralph Tancredi    03/20/1965    <u>Defendant</u>
177 Harrison Avenue 2nd Floor
Harrison, NY 10528

BE IT KNOWN THAT THE COMPLAINANT HEREIN, **Marissa E. Heske**  109 Halstead Avenue Apartment 2F ACCUSES THE DEFENDANT NAMED ABOVE OF THE FOLLOWING OFFENSES COMMITTED AT <u>323 Halstead Avenue</u> IN THE TOWN OF HARRISON, N.Y. ON OR ABOUT <u>06/02/2007 at Approximately 0200hrs</u>.

<u>**COUNT ONE:**</u> The offense of <u>**Assault in the Third Degree subsection 2**</u> in violation of <u>**Section 120.00 of the NYS penal law**</u> which is a <u>**Class A Misdemeanor.**</u>

AND IN SUPORT OF THE FOREGOING, YOUR COMPLAINANT UNDER PENALTY OF SECTION 210.45 OF THE NYS PENAL LAW STATES AS FOLLOWS:

"A person is guilty of assault in the third degree when:   Subsection 2: He recklessly causes physical injury to another person.

To Wit: Complainant states at the above listed date, time, and location defendant did, while in a fit of rage, physically and recklessly pushed her out of his way while he was making an attempt to advance past her towards another person, Mr. Vincent Nicita, who he was currently in a heated verbal exchange with at the time of the reckless assault. Due to defendants reckless actions complainant was pushed onto a shelf which caused an approximate six to eight inch abrasion along the back of the complainant. Pain and black and blue discoloration was also caused due to the reckless actions of the defendant.

NOTICE:      PURSUANT TO THE PENAL LAW, SECTION 210.45 IT IS A CRIME PUNISHABLE AS A CLASS A MISDEMEANOR TO KNOWINGLY MAKE A FALSE STATEMENT HEREIN.

_____
            Marissa Heske
                    109 Halstead Avenue  Apt 2F
                    Harrison, New York

THIS_____5th_____ DAY OF _____June_____ , 2007

# EXHIBIT "4"

TOWN OF HARRISON N.Y. POLICE
DEPOSITION OF WITNESS
TO ACCOMPANY COMPLAINT OR INFORMATION
SEC. 100.20 CPL

REPORT # 07-6678
DATE 08-08-07
PAGE 1 OF 2

NOTICE : FALSE STATEMENTS MADE HERIN ARE PUNISHABLE AS A CLASS A MISDEMENAOR
PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

STATE OF NEW YORK, COUNTY OF WESTCHESTER, TOWN/VILLAGE OF HARRISON
SS.

Joshua David Clark /06/30/81                    , STATES AS FOLLOWS
(DEPONENT PRINT NAME AND DATE OF BIRTH)

At apparently 9 p.m. Sofia and I were leaving Annie's Cafe and Ralph pulled unaware of who he was I heard Sofia say "OH SH*T!" Immedetly I knew who he was - the "EX." He parked his car and asked how we were. Asked if Sofia was happy. He then asked how I was and to proceed to look me up and down. In my confessisional opinion he looked coked out of his Mind. I could see that Sofia was getting upset, I started to rub her back and Ralph said are you going to let him do that infront of me?? He then asked do I talked to me and I said no Sofia is upset and we need to go. He then got angry and kept going after Sofia to talk. After several attempts to grab Sofia to go inside Annie's Cafe Ralph got extremely vulgar and pointed his finger in my face. He was raging about them being together for 4 years and some other nonsense so I take that trapped Sofia inbetween buildings I went to grab her to move her inside, and Ralph hit my arm. A few Chest bumps and more actions later I (opened) the door to Annie's and asked Annie Perri (owner of Annie's) to call the cops. Out of fear for Sofia's safety, I went to my vehicle and grabbed my bat for protection from the nut-case that was storming around the streets.

SWORN TO BEFORE ME THIS _____
DAY OF _____ 20 _____

Joel D. Cac
SIGNATURE

_____
SIGNATURE

_____
TITLE

ADDRESS: 1052 Rushmore Ave.
(STREET OR RURAL ROUTE)

Mamaroneck, NY 10543
(POST OFFICE, STATE, ZIP CODE)

Home: 914-630-2918 Work: 914-698-1600 ext. 105
(TELEPHONE)

**NOTE : THIS FORM NEED BE SWORN ONLY IF COURT SPECIFICALLY REQUIRES OATH.

TOWN OF HARRISON N.Y. POLICE
DEPOSITION OF WITNESS
TO ACCOMPANY COMPLAINT OR INFORMATION
SEC. 100.20 CPL

REPORT # 07-6678
DATE 08-08-07
PAGE 2 OF 2

NOTICE : FALSE STATEMENTS MADE HERIN ARE PUNISHABLE AS A CLASS A MISDEMENAOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

STATE OF NEW YORK, COUNTY OF WESTCHESTER, TOWN/VILLAGE OF HARRISON
SS.

_____, STATES AS FOLLOWS
(DEPONENT PRINT NAME AND DATE OF BIRTH)

I walked walked back across the street and pointed the bat at Ralph and said — get the fuck out of here. He then got even more angrier and said what you going to hit me with that. Finally with bat in hand I got Sofia inside. Walking with her inside Ralph followed us in Annie said the cops are on their way. Ralph said fuck this asshole just threatened a cop with a bat. I stood in the middle so Ralph couldn't get to Sofia. With the look in his eye I knew what he would have done. The police arrived and he still wished to talk to her and her response was just leave I'm not friends all she repeatedly said to him from the start of this whole incident.

SWORN TO BEFORE ME THIS _____
DAY OF _____ 20____

_____
SIGNATURE

_____
TITLE

_____
John D. Clark
SIGNATURE

ADDRESS: 1052 Rushmore Ave.
(STREET OR RURAL ROUTE)

Mamaroneck, NY 10543
(POST OFFICE, STATE, ZIP CODE)

Home: 914-638-2818  Work: 914-698-1600
(TELEPHONE)

ext 105

**NOTE : THIS FORM NEED BE SWORN ONLY IF COURT SPECIFICALLY REQUIRES OATH.